## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA,**

**v.**

**JEROME HAMPTON,**

**Defendant.**

**Cr. No. 07-153-14**

### MEMORANDUM OPINION

The government asks that I revoke defendant's bond and reconsider my prior order that placed him in the High Intensity Supervision Program.  Government's Motion for Review of Bond ("Motion").

In the Motion and at the hearing held on January 29, 2008, the government noted two additional facts not known at the initial hearing: (1) that there was another package delivered on March 30, 2007, under circumstances similar to the deliveries that were the subject of the initial hearing, and (2) that the defendant had offered to a Federal Express driver who may testify in this case tickets to a football game between the Washington Redskins and the Dallas Cowboys.

In regard to the delivery made on March 30, 2007, the government proffers that the Federal Express driver reported, and Federal Express records confirm, that defendant signed for a package addressed to "Site Manager Jay Anderson."  Motion at 8.  Defense counsel indicates that his client denies any involvement in that delivery, and states that "the government has not provided in pretrial discovery any documentary evidence of the delivery."  Supplement to Defendant's Opposition to Government's Motion for Review

of Bond at 1. Without more information than I have been given, the second delivery is makeweight as far as this defendant is concerned.

In regard to the football tickets, the defendant admits he offered the tickets to the Federal Express driver.  He insists, however, that the tickets were offered to the driver as a result of their friendship and because the two frequently kid each other about the Redskins/Cowboys rivalry.  Defendant's Opposition to Government's Motion for Review of Bond at 3.  Defense counsel proffers that he spoke with the driver, who confirmed that he and the defendant have a friendly relationship that involves frequent banter about football.  Id.  Though I am told that the driver was interviewed by agents with the Federal Bureau of Investigation, no representation has been made to me as to what was said.

Without knowing more than I do, I cannot possibly find that the offer of football tickets was made with the intention to corrupt the driver.  Indeed, as defense counsel points out, the driver is a minor actor in this play; the quarrel will not be over whether the packages were in fact delivered, but rather whether this defendant knew that those packages contained PCP.  Offering the tickets to the driver was certainly imprudent, but that hardly makes this defendant so dangerous that I should detain him pending trial.

Finally, the defendant continues to be employed as part of a business venture with his brother, who was in court and attested to their work.  Most significantly, according to the Pre-Trial Services Agency, the defendant's compliance with the conditions of his release has been perfect.  Because of his stellar compliance, and because all of his drug tests have been negative, I will relieve him of the obligation to undergo further drug testing.

Accordingly, the Motion is denied and the defendant's conditions of release are modified to eliminate any requirement of drug testing.

Dated:  January 31, 2008                    _____/s/_____
                                            JOHN M. FACCIOLA
                                            UNITED STATES MAGISTRATE JUDGE